IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

CARLOS LOPEZ,

                    Petitioner,

          v.

JOHN GRONDOLSKY,

                    Respondent.

Civil Action No. 08-3791 (JBS)

**M E M O R A N D U M**
**O P I N I O N**

**SIMANDLE, District Judge:**

     This matter is before the Court upon submission by the
Petitioner, Carlos Lopez ("Petitioner"), of a petition for habeas
corpus relief under 28 U.S.C. § 2241 ("Petition"), and it
appearing that:

     1.   The Petition, a document containing scarce amount of
information, informs the Court that, sometimes in 1994,
Petitioner plead guilty to various charges and, on December 13,
1994, was sentenced by an unspecified judge from the United
States Court for the Eastern District of Pennsylvania to two
consecutive sentences, one of 262 months and another of 60
months.  See Docket Entry No. 1, ¶¶ 2, 3, 5, 6.

     2.   Petitioner did not appeal his conviction and sentence,
see id. ¶ 8, rather he filed a ¶ 2255 application with the
Eastern District of Pennsylvania.  See id. ¶ 12.  That

application was dismissed on November 30, 2000, apparently, as

untimely.  See id.

    3.   On March 24, 2003, Petitioner filed a § 2241

application with this District.  See id. (citing Lopez v. DeRosa,

03-1262 (RBK)).  Judge Kugler, presiding over that § 2241 action,

dismissed the petition for lack of jurisdiction.  See Lopez v.

DeRosa, 03-1262, Docket Entry No. 18 (stating the basis for Judge

Kugler's decision to dismiss Petitioner's first § 2241 petition).

On May 31, 2005, the Court of Appeals for the Third Circuit

affirmed Judge Kugler's decision.  See id. at 2 (clarifying that

Petitioner cannot take advantage of § 2241 because he could have

duly presented his challenges "by timely filing his initial §

2255 motion").  Both Judge Kugler and the Court of Appeals

detailed to Petitioner the reason why Petitioner's challenges

could not be brought in a § 2241 application, and why

Petitioner's allegations do not qualify for the exception

articulated in In re Dorsainvil, 119 F.3d 245, 251 (3d Cir.

1997), which Petitioner, apparently, tried to invoke in his

petition dismissed by Judge Kugler.

    4.   Petitioner now filed another § 2241 Petition.  His

instant Petition asserts that his trial judge at the Eastern

District of Pennsylvania erred by imposing his sentences

consecutively rather than concurrently.

5.    Same as Judge Kugler, this Court is without jurisdiction under § 2241 to entertain Petitioner's instant application.  A court presented with a petition for writ of habeas corpus "shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled there."  28 U.S.C. § 2243.  Thus, "[f]ederal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face."  McFarland, 512 U.S. at 856; see also United States v. Thomas, 221 F.3d 430, 437 (3d Cir. 2000); Siers v. Ryan, 773 F.2d 37, 45 (3d Cir.), cert. denied, 490 U.S. 1025 (1985).

6.    Section 2241 of Title 28 of the United States Code provides in relevant part:

> The writ of habeas corpus shall not extend to
> a prisoner unless- . . . He is in custody in
> violation of the Constitution or laws or
> treaties of the United States.

28 U.S.C. § 2241(c)(3).  As a result of the practical difficulties encountered in hearing a challenge to a federal sentence in the district of confinement rather than the district of sentence, in its 1948 revision of the Judicial Code, Congress established a procedure whereby a federal prisoner might collaterally attack his sentence in the sentencing court.[1]  See

_____

[1]    The addition of 28 U.S.C. § 2255 was deemed necessary because a § 2241 petition must be filed in the district where the

28 U.S.C. § 2255; <u>Davis v. United States</u>, 417 U.S. 333, 343-44

(1974); <u>United States v. Hayman</u>, 342 U.S. 205, 219 (1952).

Section 2255 provides in relevant part:

> A prisoner in custody under sentence of a
> court established by Act of Congress claiming
> the right to be released upon the ground that
> the sentence was imposed in violation of the
> Constitution or laws of the United States, or
> that the court was without jurisdiction to
> impose such sentence, or that the sentence
> was in excess of the maximum authorized by
> law, or is otherwise subject to collateral
> attack, may move the court which imposed the
> sentence to vacate, set aside or correct the
> sentence.

28 U.S.C. § 2255.  "Motions pursuant to 28 U.S.C. § 2255 are the

presumptive means by which federal prisoners can challenge their

convictions or sentences that are allegedly in violation of the

Constitution."  <u>Okereke v. United States</u>, 307 F.3d 117, 120 (3d

Cir. 2002).  This is because § 2255 expressly prohibits a

district court from entertaining a challenge to a prisoner's

federal sentence under § 2241 unless the remedy under § 2255 is

"inadequate or ineffective" to test the legality of the

---

prisoner is confined and "the few District courts in whose
territorial jurisdiction major federal penal institutions are
located were required to handle an inordinate number of habeas
corpus actions far from the scene of the facts . . . solely
because of the fortuitous concentration of federal prisoners
within the district." <u>United States v. Hayman</u>, 342 U.S. 205,
213-14 (1952).

petitioner's detention.[2]  See 28 U.S.C. § 2255.  Specifically,

paragraph five of § 2255 provides:

> An application for a writ of habeas corpus
> [pursuant to 28 U.S.C. § 2241] in behalf of a
> prisoner who is authorized to apply for
> relief by motion pursuant to this section,
> shall not be entertained if it appears that
> the applicant has failed to apply for relief,
> by motion, to the court which sentenced him,
> or that such court has denied him relief,
> unless it also appears that the remedy by
> motion is inadequate or ineffective to test
> the legality of his detention.

28 U.S.C. § 2255; see Cradle v. Miner, 290 F.3d 536 (3d Cir.

2002); In re Dorsainvil, 119 F.3d 245, 251 (3d Cir. 1997).  A §

2255 motion is inadequate or ineffective, authorizing resort to §

2241, "only where the petitioner demonstrates that some

limitation of scope or procedure would prevent a § 2255

proceeding from affording him a full hearing and adjudication of

his wrongful detention claim."  Cradle, 290 F.3d at 538.  "It is

the inefficacy of the remedy, not the personal inability to use

it, that is determinative." Id. "Section 2255 is not 'inadequate

or ineffective' merely because the sentencing court does not

grant relief, the one-year statute of limitations has expired, or

the petitioner is unable to meet the stringent gatekeeping

---

[2]      The "inadequate or ineffective" language was necessary
because the Supreme Court held that "the substitution of a
collateral remedy which is neither inadequate nor ineffective to
test the legality of a person's detention does not constitute a
suspension of the writ of habeas corpus." Swain v. Pressley, 430
U.S. 372, 381 (1977).

requirements of the amended § 2255. The provision exists to
ensure that petitioners have a fair opportunity to seek
collateral relief, not to enable them to evade procedural
requirements."[3]  Id. at 539.

7.   Since § 2255 was neither inadequate nor ineffective
vehicle for Petitioner's challenge that his trial court erred
when it imposed consecutive--rather than concurrent--sentences,
this Court is without jurisdiction to entertain the Petition
under § 2241.  The Court, therefore, is constrained to dismiss
the Petition.  In addition, the Court takes this opportunity to
remind Petitioner about the consequences of abusing the writ.

> When a prisoner files multiple petitions for
> habeas corpus relief, the abuse of the writ
> doctrine as set forth in 28 U.S.C. § 2244(a)

---

[3]   The United States Court of Appeals for the Third
Circuit has recognized that, under certain very rare situations,
a prisoner who cannot satisfy the gate-keeping requirements of §
2255 should be permitted to proceed under § 2241, which has
neither a limitations period nor a proscription against filing
successive petitions. See Dorsainvil, 119 F.3d at 251. The
Dorsainvil exception, which addresses what makes a § 2255 motion
"inadequate and ineffective," is satisfied only where petitioner
"had no earlier opportunity to challenge his conviction for a
crime that an intervening change in substantive law may negate."
Id. at 251.  The court emphasized, however, that its holding was
not intended to suggest that § 2255 would be considered
"inadequate or ineffective" merely because a petitioner is unable
to meet the stringent limitations or gatekeeping requirements of
§ 2255.  Id.  To the contrary, the court was persuaded that §
2255 was "inadequate or ineffective" in the unusual circumstances
presented in Dorsainvil because it would have been a complete
miscarriage of justice to confine a prisoner for conduct that,
based upon an intervening interpretation of the statute of
conviction by the United States Supreme Court, may not have been
criminal conduct at all.  Id. at 251-52.

> may bar his claims:  No circuit or district
> judge shall be required to entertain an
> application for a writ of habeas corpus to
> inquire into the detention of a person . . .
> if it appears that the legality of such
> detention has been determined by a judge or
> court of the United States on a prior
> application for a writ of habeas corpus . . .
> .

Furnari v. U.S. Parole Commission, 2005 WL 535390, *20-21 (3d

Cir. March 8, 2005) (relying on Sanders v. United States, 373

U.S. 1, 9 (1963)).

The accompanying Order will be entered granting leave to

proceed in forma pauperis and denying the Petition.


                                   **s/ Jerome B. Simandle**
                                   JEROME B. SIMANDLE
                                   U.S. District Judge